**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**DAYTON, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **WILLIE DOW**<br>**922 Dustin Avenue**<br>**Dayton, Ohio 45402** | : | **CASE NO.** 3 : 07 cv 0399<br>**JUDGE** THOMAS M. ROSE |
| **Plaintiff,** | : | |
| **vs.** | : | |
| **KAPPA KAPPA PSI FRATERNITY**<br>**National Honorary Band Fraternity, Inc.**<br>**National Headquarters Chapter**<br>**P.O. Box 849**<br>**Stillwater, OK 74076-0849** | : | |
| **-And-** | : | |
| **KAPPA KAPPA PSI FRATERNITY**<br>**National Honorary Band Fraternity, Inc.**<br>**Theta Delta Chapter #196**<br>**P.O. Box 308**<br>**Wilberforce, OH 45384** | : | |
| **-And-** | : | |
| **BRIAN MILSAP**<br>**BAND DIRECTOR FOR**<br>**CENTRAL STATE UNIVERSITY &**<br>**CENTRAL STATE'S ADVISOR TO**<br>**KAPPA KAPPA PSI FRATERNITY**<br>**1400 Brush Row Road**<br>**Wilberforce, Ohio 45384** | : | |
| **-And-** | : | |

**VIRGIL GOODWINE** :
**Theta Delta Chapter #196 President**
**P.O. Box 308** :
**Wilberforce, OH 45384**

**-And-** :

**TERANCE BONNER** :
**Theta Delta Chapter #196 Member**
**P.O. Box 308** :
**Wilberforce, OH 45384**
:
**-And-**

**TIMOTHY CARTHON** :
**Theta Delta Chapter #196 Member**
**P.O. Box 308** :
**Wilberforce, OH 45384**
:
**-And-**

**MARIO BLUNT** :
**Theta Delta Chapter #196 Member**
**P.O. Box 308** :
**Wilberforce, OH 45384**
:
**-And-**
:
**GMEYLE PULLINS**
**Theta Delta Chapter #196 Member** :
**P.O. Box 308**
**Wilberforce, OH 45384** :

**-And-** :

**TIM BAKER** :
**Theta Delta Chapter #196 Member**
**P.O. Box 308** :
**Wilberforce, OH 45384**

**-And-** :

**CLEARANCE WILLIAMS** :
**Theta Delta Chapter #196 Member**
**P.O. Box 308** :
**Wilberforce, OH 45384**
:
**-And-**
:
**TIM WILLIAMS**
**Theta Delta Chapter #196 Member** :
**P.O. Box 308**
**Wilberforce, OH 45384** :

**-And-** :

**BENTON BOYD** :
**Theta Delta Chapter #196 Member**
**P.O. Box 308** :
**Wilberforce, OH 45384**
:
**-And-**
:
**BRANDON HOUPE**
**Theta Delta Chapter #196 Member** :
**P.O. Box 308**
**Wilberforce, OH 45384** :

**-And-** :

**JOHN & JANE DOE** :
**OFFICERS, MEMBERS, ADVISORS**
**EMPLOYEES, AGENTS,** :
**CONTRACTORS, AND**
**SUBCONTRACTORS OF** :
**KAPPA KAPPA PSI FRATERNITY**
**Identities and Addresses Unknown** :

**Defendants.** :

**COMPLAINT FOR HAZING, ASSAULT, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, NEGLIGENT HIRING, VICARIOUS LIABILITY FOR EMPLOYER, MISREPRESENTATION, FRAUD, BREACH OF IMPLIED CONTRACT**

NOW comes the Plaintiff, Willie Dow, bringing this action by and through his Counsel of Record, Christopher M. Cooper, who hereby states the following as his complaint:

**PARTIES AND FACTS**

1. Plaintiff, Willie Dow, is an individual residing at 928 Dustin Avenue; Dayton, Ohio 45402 and was an undergraduate student attending Central State University, of 1400 Brush Row Road, Wilberforce, Ohio 45384 and while an undergraduate student, was a "pledgee" to Defendant **Kappa Kappa Psi Fraternity**, which had a local chapter - **Theta Delta #196 -** on and/or near the campus grounds of Central State University, of 1400 Brush Row Road, Wilberforce, Ohio 45384 at all times relevant to this action.

2. Defendant Kappa Kappa Psi Fraternity, of P.O. Box 849, Stillwater, Oklahoma 74076-0849 is a non-profit, private fraternal organization that was the official and exclusive fraternal organization for Central State University's Band and is in the business of developing the leadership skills of members of a university's band.

3. At all times relevant to this action, Kappa Kappa Psi Fraternity had its principal place of business located in Stillwater, Oklahoma. However, at all times relevant to this action, Kappa Kappa Psi Fraternity maintained a local chapter called Theta Delta Chapter #196, mailing address P.O. Box 308, Wilberforce, OH 45384, which was on and/or near the campus grounds of Central State University, located in Greene County, Ohio.

4. Defendant Brian Milsapp, Band Director, Administrator, and Employee was employed as the Director of Central State University's Band and employed as an Advisor to Kappa Kappa Psi

Fraternity Theta Delta Chapter #196, which was Central State University's officially recognized and exclusive fraternity for Central State University's Student Band.

5. At all times relevant to this action, Defendant Brian Milsapp, Band Director, Administrator, and Employee of Central State University and Advisor to Kappa Kappa Psi, whose residential address is currently unknown, but will be supplemented, had as his principal place of employment located in Greene County, Ohio.

6. Defendant Virgil Goodwine, was President of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of employment and residency located in Greene County, Ohio.

7. Defendant Terance Bonner, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

8. Defendant Timothy Carthon, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

9. Defendant Mario Blunt, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

10. Defendant Gmeyle Pullins, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

11. Defendant Tim Baker, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

12. Defendant Clearance Williams, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

13. Defendant Tim Williams, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

14. Defendant Benton Boyd, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

15. Defendant Brandon Houpe, was a Member of Theta Delta Chapter #196, and at all times relevant to this action, whose residential address is currently unknown, but will be supplemented, had as his principal place of residency located in Greene County, Ohio.

16. Defendants John & Jane Doe Officers, Advisors, Members, Employees, Contractors, and Subcontractors of Kappa Kappa Psi are individual officers, members, employees, single proprietorships, Ohio corporations and/or other Ohio business entities formed under Ohio law, and Oklahoma corporations and/or other Oklahoma business entities formed under Oklahoma law, in the business of developing the leadership skills of its members and/or providing services.

17. At all times relevant to this action, John & Jane Doe Officers, Members, Employees, Contractors, and Subcontractors of Kappa Kappa Psi Fraternity National Headquarters and Chapter Local Theta Delta Chapter #196, whose identities and addresses are currently unknown but will be supplemented, had as their principal places of business located in Greene County, Ohio.

**JURISDICTION AND VENUE**

18. Jurisdiction is conferred on this Court based on diversity of citizenship between the parties and that the amount in controversy is greater than $75,000.00, exclusive of interest and costs, in accordance with 28 USC § 1332.

19. Venue is proper in this Court in accordance with 28 USC § 1332 because of diversity of citizenship between the parties, and because the amount in controversy is greater than $75,000.00, exclusive of interest and costs. In addition, venue is proper in this Court because Central State University is located in the City of Wilberforce, Greene County, Ohio and because the University's local chapter of Kappa Kappa Psi Fraternity was located on and/or near the campus grounds of Central State University, which is located in the City of Wilberforce, Greene County, Ohio. Greene County is under the jurisdiction of the Western Division of the Southern District of Ohio, United States District Court, which is located in the City of Dayton, Montgomery County, Ohio. Venue is also proper because Greene County, Ohio is the location of the violations of the State of Ohio's "Hazing Statute" under R.C. § 2903.31.

20. Venue is also proper in this United States District Court, which is located in the City of Dayton, Montgomery County, Ohio by virtue of the fact that Kappa Kappa Psi's Academic Advisor, Brian Milsapp, resides and/or is employed in Greene County, Ohio and Kappa Kappa Psi's John &

Jane Doe Officers, Members, Employees, Contractors, and Subcontractors had as their principal places of business located in Greene County, Ohio.

21. Venue is also proper in this United States District Court, which is located in the City of Dayton, Montgomery County, Ohio by virtue of the fact that Kappa Kappa Psi's Local Chapter President, Virgil Goodwine and Local Chapter Member Terance Bonner, et al., resided and/or was employed in Greene County, Ohio and Kappa Kappa Psi's Local Chapter John & Jane Doe Officers, Members, Employees, Contractors, and Subcontractors had as their principal places of business located in Greene County, Ohio.

22. Service of Process is permitted upon the Defendants by virtue of Rule 4(c)(1) and (2); 4(e)(1); 4(h)(1) and 4.1(a) of the Federal Rules of Civil Procedure, and by virtue of Rule 4.2(A) and 4.3(A) of the Ohio Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 22 above, as if fully rewritten herein.

24. On or about October 9, 2005, Plaintiff Willie Dow was an undergraduate student at Defendant Central State University and was engaged in the process of "pledging" to the Theta Delta Chapter of the Kappa Kappa Psi Fraternity and while "pledging," was in the university's and fraternity's care as an underclassman university "pledgee." The Kappa Kappa Psi Fraternity was located on or near the grounds of Central State University, located 1400 Brush Row Road, in the City of Wilberforce, County of Greene, State of Ohio. The Theta Delta Chapter of Kappa Kappa Psi Fraternity is the officially recognized and exclusive fraternity for Central State

University's Student Band. Central State University's Band Director, Brian Milsapp, is not only a member of said fraternity, but was the Advisor to the fraternity. In addition, the University's Band Director knew or should have known of the illegal hazing, condoned the hazing, and even authorized the illegal hazing through his action or inaction.

25. Plaintiff's presence at Kappa Kappa Psi Fraternity was required for the "pledging" - or induction ritual - into the Fraternity.

26. On or about November 9, 2005, while in the process of being pledged to the Theta Delta Chapter of Kappa Kappa Psi, Plaintiff Willie Dow was injured by various Kappa Kappa Psi members listed in complaint, *supra*, who "hazed" him by hitting Plaintiff on and about the face, neck and body with their closed fists.

27. Plaintiff Willie Dow's physical injury consisted of bruises on or about the face, neck and body.

28. On or about November 27, 2005, while in the process being pledged to the Theta Delta Chapter of Kappa Kappa Psi, Plaintiff Willie Dow was injured by Kappa Kappa Psi members who "hazed" him by hitting Plaintiff over six times with a wooden paddle on his glutei maximi, or buttocks.

29. Plaintiff Willie Dow's physical injury consisted of bruises on or about the body and buttocks.

30. On or about February 27, 2006, while in the process of learning "steps" for the pledging rituals of Kappa Kappa Psi, Plaintiff Willie Dow was injured by the same Kappa Kappa Psi members who "hazed" him by hitting Plaintiff repeatedly with a wooden paddle on his glutei maximi, or buttocks.

31. Plaintiff Willie Dow's physical injury consisted of bruises on or about the body and buttocks.

32. Beginning on or about March 6, 2006, while in the process of learning "steps" for the pledging rituals of Kappa Kappa Psi, Plaintiff Willie Dow was injured by the same Kappa Kappa Psi members who "hazed" him by hitting Plaintiff repeatedly with a wooden paddle on his glutei maximi, or buttocks over a two-week period.

33. Plaintiff Willie Dow's physical injury consisted of bruises on or about the body and buttocks.

34. On April 15, 2006, at approximately 7:45 PM until 12:00 AM (Midnight) of April 16, 2006, while in the process being pledged to the Theta Delta Chapter of Kappa Kappa Psi, Plaintiff Willie Dow was injured by Kappa Kappa Psi members who "hazed" him by hitting Plaintiff **over 35 times** with a wooden paddle on his glutei maximi, or buttocks, in the Racket Ball Room of Central State University's campus.

35. On April 16, 2006, at approximately 12:30 AM until 1:30 AM, Plaintiff Willie Dow was injured by numerous Kappa Kappa Psi "pledges" while at a Kappa Kappa Psi member's house: Mr. Clarence Williams. Plaintiff was "hazed" by other pledges who hit Plaintiff **over 38 times** with a wooden paddle on his glutei maximi, or buttocks.

36. On April 16, 2006, at approximately 2:00AM until 6:37 AM, Plaintiff Willie Dow was injured by Kappa Kappa Psi members on Central State University grounds while inside Banneker Hall, Room 151, by hitting Plaintiff **over 10 times** with a wooden paddle on his glutei maximi, or buttocks.

37. In an 11-hour period, from approximately 7:45 PM on April 15, 2006, until approximately 6:37 AM on April 16, 2006, Plaintiff had been injured by receiving **over 83 strikes** with a wooden

paddle on his buttocks by members of the Kappa Kappa Psi Fraternity, while on Central State University's grounds, or nearby campus area.

38. Plaintiff Willie Dow's physical injuries consisted of bruises on or about the body and buttocks, and Plaintiff was hospitalized due to damaged kidneys with blood in his urine, with a medical diagnosis of RHABDOMYOLYSIS WITH SEPSIS.

**COUNT 1 – INTENTIONAL TORT OF ASSAULT**

39. Plaintiff incorporates each and every allegation set forth in paragraphs 1 - 38 above, as if fully rewritten herein.

40. Defendant Kappa Kappa Psi (National and Local), Defendant Brian Milsapp, Defendant Virgil Goodwine, et al. and Kappa Kappa Psi's John Doe Officers, Members, Employees, Contractors, Subcontractors and Agents willfully, intentionally and maliciously did commit the intentional tort of assault by causing the Plaintiff to endure imminent apprehension of harmful or offensive contact when the same prepared to "paddle" Plaintiff with the Fraternities' and/or Officers', et al. knowledge while on the University's property.

41. As a direct and/or proximate result of the intentional actions of the Defendants, Plaintiff has suffered serious mental and physical harm to his person.

**COUNT II – INTENTIONAL TORT OF BATTERY**

42. Plaintiff incorporates each and every allegation set forth in paragraphs 1 - 41 above, as if fully rewritten herein.

43. Defendant Kappa Kappa Psi (National and Local), Defendant Brian Milsapp, Defendant Virgil Goodwine, et al. and Kappa Kappa Psi's John Doe Officers, Members, Employees, Contractors, Subcontractors and Agents willfully, intentionally and maliciously did commit the

intentional tort of battery by their actions of causing the Plaintiff to suffer an intentional infliction of harmful and/or offensive bodily contact with the same persons named *supra* by actually "paddling" Plaintiff over 83 times, causing damage to Plaintiff's kidneys, other internal organs and buttocks while in Defendants' care.

44. As a direct and/or proximate result of the intentional actions of Defendant Central State University, Defendant Brian Milsapp, and Central State University's Administrators, Employees, Contractors, Subcontractors and Agents, Plaintiff has suffered serious physical harm to his person.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 44 above, as if fully rewritten herein.

46. Defendant Kappa Kappa Psi (National and Local), Defendant Brian Milsapp, Defendant Virgil Goodwine, et al. and Kappa Kappa Psi's John Doe Officers, Members, Employees, Contractors, Subcontractors and Agents willfully, intentionally and maliciously did commit the intentional tort of intentional infliction of emotional distress on the Plaintiff by their intentional or reckless infliction of severe emotional or mental distress, caused by Defendants' extreme and outrageous conduct - even in the absence of physical harm - when Defendants did not prevent, and even encouraged, Defendants' agents to prepare to haze Plaintiff in the moments before he was struck by Defendants' agents, and by the harmful and/or offensive contact of the Plaintiff when Defendants or Defendants' agents struck the Plaintiff repeatedly, causing Plaintiff to suffer kidney/ internal organ damage and other related injuries, which indeed caused Plaintiff to suffer severe physical and psychic damage.

47. As a direct and/or proximate result of the intentional extreme and outrageous conduct of the Defendant Kappa Kappa Psi (National and Local), Defendant Brian Milsapp, Defendant Virgil Goodwine, et al. and Kappa Kappa Psi's John Doe Officers, Members, Employees, Contractors, Subcontractors and Agents, Plaintiff has suffered severe emotional harm to his person and sought medical aid for his condition.

**COUNT IV- NEGLIGENCE BY OFFICERS, MEMBERS, ET AL. OF KAPPA KAPPA PSI FRATERNITY**

48. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 47 above, as if fully rewritten herein.

49. Defendants grossly and wantonly failed to conform to the required standard of care and breached their statutory duty to Plaintiff by negligently and/or recklessly allowing hazing of the students in their care, knowing that it could cause severe physical harm.

50. The failure of Defendants in their statutory duty is the proximate or legal cause of damages to Plaintiff.

**COUNT V- NEGLIGENCE BY KAPPA KAPPA PSI FRATERNITY**

51. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 50 above, as if fully rewritten herein.

52. Defendant Kappa Kappa Psi (National and Local), Defendant Brian Milsapp, Defendant Virgil Goodwine, et al. and Kappa Kappa Psi's John Doe Officers, Members, Employees, Contractors, Subcontractors and Agents grossly and wantonly failed to conform to the required standard of care and breached its duty to Plaintiff by failing to supervise and control their officers, employees, and members – especially those employees and members that are in

involved in the University's Marching Band and associated with the Kappa Kappa Psi Fraternity, which is the official and exclusive fraternity for the University's Band.

53. The failure of Defendant Kappa Kappa Psi in its duty is the proximate and/or legal cause of damages to Plaintiff.

## COUNT VI- NEGLIGENT HIRING BY KAPPA KAPPA PSI

54. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 53 above, as if fully rewritten herein.

55. Defendant Kappa Kappa Psi grossly and wantonly failed to conform to the required standard of care and breached its duty to Plaintiff to conduct proper and thorough professional, psychological and criminal background checks and testing of its Local President, Virgil Goodwine and Band Director and Academic Advisor, Brian Milsapp, (and other John Doe employees and members) in order to uncover their history of carelessness/recklessness and/or proclivities for carelessness/recklessness. Such a failure is grounds for the independent tort of negligent hiring.

56. The failure of Defendant Kappa Kappa Psi in its duty is the proximate or legal cause of damages to Plaintiff.

## COUNT VII – VICARIOUS LIABILITY OF CENTRAL STATE UNIVERSITY

57. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 56 above, as if fully rewritten herein.

58. Under the doctrine of Respondeat Superior, Defendant Kappa Kappa Psi is vicariously liable for the actions of it employees and officers, Defendant Local President Virgil Goodwine,

et al., Band Director, Brian Milsapp, (and other John Doe officers, members and employees) including the various torts listed above, while in the scope of their employment as Fraternity Officers and Officers of its Corporation, and fraternity mentors/advisors of students for Central State University local Kappa Kappa Psi chapter.

59. As a direct and/or proximate result of Kappa Kappa Psi's employment and/or relationship with o Defendant Virgil Goodwine, et al. and Defendant Band Director, Brian Milsapp, (and other John Doe employees, members and officers), Plaintiff has suffered severe physical, emotional, and psychic harm.

## COUNT VIII - MISREPRESENTATION

60. Plaintiff incorporates each and every allegation as set forth in paragraphs 1 – 59 above, as if fully rewritten herein.

61. All of the representations made to Plaintiff by Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees were material to this transaction and contract.

62. Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees' representations that Kappa Kappa Psi would not promote or tolerate hazing of its students entrusted to their care were false.

63. Plaintiff had the right to and did justifiably rely upon Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees' representations and Plaintiff was, in

fact, induced to enter a service contract to provide a secondary education and on-campus housing and care because of such representations and did so to his detriment.

64. Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees' actions constituted material misrepresentations and such material misrepresentations are the direct and proximate cause of damages suffered by Plaintiff.

**COUNT IX - FRAUD**

65. Plaintiff incorporates each and every allegation contained in paragraphs 1- 64 above, as if fully rewritten herein.

66. All of the representations made to Plaintiff by Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees were material to this transaction.

67. All of the representations of Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees were false, or where there was duty to disclose material facts, there was active concealment of the facts.

68. Such representations of Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees were known to be false, or made with such utter disregard and recklessness as to whether they were true or false, that it may be inferred that such representations were made knowingly by Kappa Kappa Psi Fraternity, Defendant Virgil

Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees to the Plaintiff.

69. Such representations were made by Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees with the intent to deceive Plaintiff and have Plaintiff rely upon such representations.

70. In accordance to Ohio Civ. R. 9(B) and Federal Civ. R. 9(b), the particular circumstances or representations that constitute fraud in that they were knowingly false, and/or were a breach of the duty to disclose material facts, and/or there were an active concealment of the facts, and/or such representations were made with such utter disregard and recklessness as to whether they were true or false, that it may be inferred that such representations were made knowingly by Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees to the Plaintiff are:

(a.) That Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees told the Plaintiff that Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees and Central State University and Central State University's John Doe employees did not practice, or tolerate, hazing of its students on University property, which is a violation of the "Hazing Statute," Ohio R.C.§2903.31;

(b.) That Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees told the

Plaintiff that Kappa Kappa Psi Fraternity's officers, members and employees *and* Central State University and Central State University's John Doe employees did not practice, or tolerate, hazing of its students by its affiliated and officially sanctioned fraternities whether on Fraternity property, University property or off-campus, which is a violation of the "Hazing Statute," Ohio R.C.§2903.31;

(c.) That Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees knew, or should have known, that hazing was being practiced on University property, Kappa Kappa Psi property, and Kappa Kappa Psi's members' properties and failed to disclose this fact to the Plaintiff and even actively concealed this fact from Plaintiff.

**COUNT X – BREACH OF IMPLIED CONTRACT BY KAPPA KAPPA PSI & OFFICERS/MEMBERS, ET AL. OF KAPPA KAPPA PSI FRATERNITY**

71. Plaintiff incorporates each and every allegation set forth in paragraphs 1- 70 above, as if fully rewritten herein.

72. Defendant Kappa Kappa Psi Fraternity, Defendant Virgil Goodwine, et al., Defendant Brian Milsapp and Defendant Kappa Kappa Psi's John Doe officers, members, and employees failed to provide as safe an educational environment as possible to Plaintiff by its actions and omissions, an environment which should certainly be free from violence by officers, members and other students. Such a failure constitutes a breach of its implied contract to Plaintiff of providing a safe educational environment, which is free from violence from its officers, members, employees and other students. Such a breach is the direct and/or proximate cause of actual, compensatory, incidental, and consequential damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against said Defendants, jointly and severally, as follows:

(a) On Counts I, II, III, IV, V VI, VII, VIII, IX, and X for a sum greater than $75,000.00, exclusive of interests and costs, to be determined at trial;

(b) On Counts I, II, III, IV, V, VI, VII and X damages for pain and suffering, and other non-economic injuries, for a total amount of $7,000,000; and recovery of current and future medical bills due to psychological and physical trauma of hazing in an amount yet to be determined;

(c) On Counts I, II, III, IV, V, VI, VII and X special damages for the recovery of current and future medical bills as due to the severe hazing and emotional distress from the severe hazing, transportation for medical treatments, loss of wages in leaving work for constant doctor visits of parent, the development of various sensitivities in the Plaintiff since the hazing incidents and distress to Plaintiff and his family in excess of $100,000;

(d) On Counts I, II, III, IV, V, VI, VII, VIII, IX and X, special damages for loss of wages due to time lost in meeting with Kappa Kappa Psi and Kappa Kappa Psi's John Doe Agents, employees and other-named Defendants, including special damages for loss of wages to take time to consult with attorneys for a sum greater than $75,000 to be determined at trial; and

(e) On Counts I, II, III, and IX punitive damages in the amount of $5,000,000;

(f) As to all Counts, attorneys fees, costs of the action, and any other remedies that Plaintiffs may be entitled to either at law or in equity.

**Respectfully Submitted,**

**Christopher M. Cooper (0028970)**
**Crysta R. Pennington (0077838)**
**Paul E. Morrison (0078719)**
**Attorneys for Plaintiff**
**Christopher M. Cooper Co., LPA**
**3055 Cleveland Avenue**
**Columbus, Ohio 43224**
**614-447-0225**

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of twelve on all issues raised herein.

**Christopher M. Cooper 0028970**